IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **CLIFFORD JARRELL, JR.,** | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| vs. | : | 5:06-CV-135 (DF) |
| | : | |
| **SARAH A. GILES, RYDER TRUCK** | : | |
| **RENTAL, INC., and D&D** | : | |
| **TRANSPORT, INC.,** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

## O R D E R

This matter is before the Court following a sua sponte review of the jurisdictional basis for this suit. Defendants removed the above-styled case from the State Court of Bibb County, Georgia on April 28, 2006, alleging that this Court has diversity jurisdiction under 28 U.S.C.A. § 1332(a)(1) (West 2005). (Defs.' Notice Rem., doc. 1, at 1.)

The district courts of the United States are "courts of limited jurisdiction. They possess only that power authorized by Constitution and statute. . . ."

1

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Accordingly, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985); *see* **Morrison v. Allstate Indemnity Co.**, 228 F.3d 1255, 1261 (11th Cir. 2000) ("[A] federal court must inquire sua sponte into the issue [of jurisdiction] whenever it appears that jurisdiction may be lacking.").

This case is premised on diversity jurisdiction. The requirements for diversity jurisdiction are set forth in 28 U.S.C.A. § 1332(a)(1), which provides: "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. . . ." 28 U.S.C.A. § 1332(a)(1). A suit is deemed to be "between citizens of different states" if the plaintiff does not share the same state citizenship with any defendant. *See* **Strawbridge v. Curtiss**, 7 U.S. (3 Cranch) 367 (1806). The amount-in-controversy requirement is satisfied when the plaintiff claims "a sufficient sum" (i.e., a sum exceeding $75,000) of damages "in good faith." *Federated Mut. Ins. Co. v. McKinnon Motors, L.L.C.*, 329 F.3d 805, 807 (11th Cir. 2003). With regard to removal actions, "[w]hen the complaint does not claim a

specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id*.

When an action is originally filed in state court and removed to federal court, the removing defendant "bears the burden of proving that federal [diversity] jurisdiction exists." *Id.* "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden" of proving that diversity jurisdiction exists. *Id*.

In this case, the jurisdictional requirement of complete diversity of citizenship has been met. *(*Notice Rem., doc. 1, at 1-2.) The Court's review of the parties' submissions, however, reveals that the amount-in-controversy requirement has not been satisfied.

In his Complaint, Plaintiff alleges that, as a result of an automobile collision, he "suffered serious injuries to his body and has incurred medical expenses in the

amount of $32,542.63 and has otherwise been damaged." (Compl., Attach. 2 to Notice Rem., doc. 1, at ¶ 7.) At the conclusion of the Complaint, Plaintiff prays "that he be awarded general and special damages for her [sic] injuries as set forth in this Complaint for Damages. . . ." (Compl. ¶ 8.)

It is not apparent from the face of the Complaint that the amount in controversy exceeds $75,000. Although Plaintiff claims $32,542.63 in medical expenses, he alleges no other facts that would indicate that he is seeking more than $75,000 in damages. Because the Court cannot determine from the Complaint alone whether the amount in controversy exceeds the jurisdictional requirement, the Court must examine Defendants' removal petition to determine whether the amount in controversy in this case exceeds $75,000.

In Defendants' Notice of Removal, they state that "[t]his action is removable by reason of diversity of citizenship of the parties, there appearing to be more than $75,000 in controversy, exclusive of interest and costs." (Notice Rem., doc. 1, at ¶ 8.) Defendants did not, however, set forth the underlying facts supporting this assertion. Under *Williams*, this type of allegation, without more, does not discharge Defendants' burden of proving that diversity jurisdiction exists.

Having concluded that the amount-in-controversy allegations in both the Complaint and Notice of Removal are insufficient to establish diversity jurisdiction, the Court hereby **ORDERS** Defendants to submit a brief that sets forth, in detail, the underlying facts supporting Defendants' assertion that the amount in controversy in this case exceeds the jurisdictional requirement of $75,000, exclusive of interest and costs.  <u>Defendants' brief is due on or before May 23, 2006</u>.

SO ORDERED, this 9th day of May, 2006.

<u>**/s/ Duross Fitzpatrick**          </u>
DUROSS FITZPATRICK, JUDGE
UNITED STATES DISTRICT COURT

DF/jab