IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **CLIFFORD JARRELL, JR.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| vs. | : | 5:06-CV-135 (DF) |
| | : | |
| **SARAH A. GILES, RYDER TRUCK** | : | |
| **RENTAL, INC., and D&D** | : | |
| **TRANSPORT, INC.,** | : | |
| | : | |
| **Defendants.** | : | |

### O R D E R

**I.     BACKGROUND**

Defendants removed the above-captioned action from the State Court of Bibb County, Georgia, to this Court on April 28, 2006. On May 9, 2006, the Court entered an Order (doc. 4) directing Defendants to file a supplemental brief in support of their notice of removal because it was unclear from the face of the complaint that the amount in controversy in this case exceeded $75,000.  *See* 28 U.S.C.A. § 1332(a)(1*)* (West 2005). Defendants filed their supplemental brief (doc. 5) on May 18, 2006. On June 8, 2006, the Court received a letter from Plaintiff's counsel, Mr. J. A. Powell, Jr., in which he informed the Court that Plaintiff underwent a total knee replacement after the automobile accident he was involved in with Defendant Sarah A. Giles. According to Mr. Powell, the amount of damages at issue in this case hinged on whether Plaintiff's knee

replacement was necessitated by the accident. "If the knee replacement was not caused by the wreck, then this case is worth much less than $75,000.00. However, if the knee replacement was needed because of the wreck, then, of course, it would be worth more than $75,000.00." (Pl.'s Ltr., doc. 7, at 1.) Pursuant to Mr. Powell's written request, the Court temporarily delayed its ruling on whether the amount-in-controversy requirement for diversity jurisdiction was satisfied until Mr. Powell received an opinion from Plaintiff's physician regarding the underlying cause(s) of his knee replacement. After one month passed without word from Mr. Powell, the Court entered an Order (doc. 8) in which the Court found that the amount in controversy requirement had been satisfied, and that the Court had diversity jurisdiction over the subject matter of this suit pursuant to 28 U.S.C.A. § 1332(a)(1) (West 2005); however, the Court invited Plaintiff to file a motion to remand "at a later date [if] it becomes apparent that Plaintiff's damages will not exceed $75,000.00." (Order, doc. 8, at 2.)

On August 21, 2006, Plaintiff filed a Motion to Remand (doc. 12) this action to the State Court of Bibb County, Georgia. According to Plaintiff, "the value of [his] claim will not exceed Seventy-Five Thousand Dollars ($75,000.00)" because "Plaintiff's knee surgery and any medical expenses incurred as a result of that surgery are not related to the injuries he sustained in his motor vehicle wreck which is the subject of this civil action." (Pl.'s. Mot. Rem. 1.) Defendants argue that the instant action should not be remanded because Plaintiff will not stipulate "that the amount in controversy is not in excess of the jurisdictional limits." (Defs.' Opp. Pl.'s Mot. Rem., doc. 14, at 2.)

## II. LEGAL DISCUSSION

"Federal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). "The nature of the cases upon which the federal courts may rule is defined in Article III, Section 2 of the Constitution, and the bases of subject matter jurisdiction in the United States district courts are defined in 28 U.S.C. § 1330-1369." *Cogdell v. Wyeth*, 366 F.3d 1245, 1248 (11th Cir. 2004). The bases of subject matter jurisdiction "include, inter alia, federal question jurisdiction under 28 U.S.C. § 1331 and diversity of citizenship under 28 U.S.C. § 1332." *Id.* Following the removal of a case from state court to federal court, the case will be remanded back to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). In a removal case based on diversity jurisdiction, the case will be remanded if it appears that the requirements for diversity jurisdiction—diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of interest and costs—are not satisfied. 28 U.S.C. § 1332(a)(1). The removing party bears the burden of proving that diversity jurisdiction exists. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

While a defendant has the right under 28 U.S.C. § 1441(a)[1] to remove an action from state court under certain circumstances, the "plaintiff is still the master of his own claim." *Burns*, 31 F.3d at 1095 (citations omitted). "Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing . . . where plaintiff and defendant clash about jurisdiction,

---

[1] Section 1441(a) provides: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

uncertainties are resolved in favor of remand." *Id.* In a diversity action, if the plaintiff "made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement." ***Tapscott v. MS Dealer Serv. Corp.***, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds by* ***Cohen v. Office Depot, Inc.***, 204 F.3d 1069 (11th Cir. 2000). A plaintiff's refusal to stipulate that the amount in controversy exceeds $75,000, alone, is insufficient to prove that the amount in controversy exceeds the jurisdictional requirement. ***Williams***, 269 F.3d at 1320. And, although the amount of a plaintiff's pre-suit demand "counts for something," ***Burns v. Windsor Ins. Co.***, 31 F.3d 1092, 1097 (11th Cir. 1994), the defendant must show that the settlement demand "was an honest assessment of damages," as opposed to mere posturing by the plaintiff. *See* ***Golden v. Dodge-Markham Co.***, 1 F. Supp. 2d 1360, 1364 (M.D. Fla. 1998).

In his Complaint, Plaintiff sought an unspecified amount of general and special damages for the injuries he suffered as a result of the automobile accident he was involved in with Defendant Giles. The only monetary figure provided by Plaintiff to support his damages claim was the $32,542.63 in medical expenses he incurred after the accident. Based on the demand letter Plaintiff sent to Defendants, it appears that most of the medical expenses and damages claimed by Plaintiff were attributable to his knee-replacement surgery and the treatment he received both before and after that surgery—a surgery that Plaintiff now admits was necessitated by a preexisting condition unrelated to the accident. (Pl.'s Ltr., Defs.' Br. Supp. Removal, doc. 5,

4

Attach. 1.)  As noted above, the Court's previous holding that the amount in controversy more likely than not exceeded $75,000 was based on the presumption that there was a causal relationship among Plaintiff's knee surgery, his medical expenses, and the automobile accident he was involved in with Defendant Giles. (Order, doc. 8, at 2.)  Now, however, because Plaintiff's knee surgery and related medical expenses are no longer a part of the damages equation, the Court finds that the value of Plaintiff's claim is likely well below $75,000.  Moreover, any remaining uncertainties regarding the amount in controversy must be resolved in favor of remand.  *See* **Burns**, 31 F.3d at 1095.  Thus, the Court cannot exercise diversity jurisdiction over the subject matter of this case pursuant to 28 U.S.C.A. § 1332(a)(1) because Defendant has not proved, by a preponderance of the evidence, that the amount-in-controversy requirement has been satisfied.

Although Defendant points to Plaintiff's refusal to stipulate that he is seeking less than $75,000 in damages as evidence that the amount in controversy exceeds that amount, a plaintiff's refusal to so stipulate does not, by itself, discharge Defendant's burden of proving the amount-in-controversy requirement has been met. **Williams**, 269 F.3d at 1320.  And, although Plaintiff's pre-suit demand of $400,000 "counts for something," **Burns**, 31 F.3d at 1097, there is no proof in this case that Plaintiff's settlement demand "was an honest assessment of damages," as opposed to mere posturing by Plaintiff.  *See* **Golden**, 1 F. Supp. 2d at 1364.  Finally, even though Defendant claims that a jury could award Plaintiff compensatory damages in excess of $75,000 based on Plaintiff's "tremendous, debilitating injuries" and the possibility that Plaintiff's neck injury could

necessitate surgery costing between $25,000-$30,000, the Court finds that this assertion, too, falls short of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.

### III.   CONCLUSION

Defendants have failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000; therefore, this Court does not have diversity jurisdiction over the subject matter of this case. *See* 28 U.S.C.A. § 1332(a)(1). Accordingly, Plaintiff's Motion to Remand (doc. 12) is hereby **GRANTED**. The above-captioned action is hereby **REMANDED** to the State Court of Bibb County, Georgia.

SO ORDERED, this 16th day of November, 2006.

**/s/ Duross Fitzpatrick**
DUROSS FITZPATRICK, JUDGE
UNITED STATES DISTRICT COURT

DF/jab